### In re: CENTURY/ML CABLE VENTURE

**Zito I, L.P., Highland Holdings,\* Appellants–Cross–Appellees,**

v.

**Century/ML Cable Venture, Appellee– Cross–Appellant,\*\***

James Rigas, John J. Rigas, Michael Rigas, Timothy J. Rigas, Movants.

Nos. 07–4358–bk (L), 07–4627–bk (XAP).

United States Court of Appeals, Second Circuit.

Feb. 24, 2009.

Peter C. Hughes (Lawrence G. McMichael, Jennifer L. Maleski, on the brief),

---

\* The Clerk of Court is directed to amend the official caption in this case as noted to change "Zito I, LP." to "Zito I, L.P."

\*\* The Clerk of Court is directed to amend the official caption in this case as noted to change "Cross–Appellee—Appellant" to "Appellee— Cross–Appellant."

Dilworth Paxson LLP, Philadelphia, PA, for Appellant/Cross–Appellee.

Roger Netzer (Michelle L. Levin, on the brief), Willkie Farr & Gallagher LLP, New York, NY, for Appellee/Cross–Appellant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

The parties appeal from the judgment of the United States District Court for the Southern District of New York (Daniels, J.), entered August 28, 2007, 2007 WL 2405689, denying cross-appellant's motion to dismiss the appeal but affirming the order of the Bankruptcy Court for the Southern District of New York (Gerber, J.), which had disallowed and expunged the proof of claim filed by Highland Holdings ("Highland"). We assume the parties' familiarity with the facts and procedural history.

Appellant Zito I, L.P. ("Zito"), which claims to be Highland's successor-in-interest, principally argues that the district court erred in upholding the bankruptcy court's dismissal of its claim for breach of contract because the district court erroneously applied to its proof of claim the standard for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In addition, Zito asserts that any failure to perform its contractual obligations was excused by appellee's failure to cooperate and that, in any event, it should have been afforded the opportunity to amend its proof of claim. On cross-appeal, Century/ML Cable Venture argues that the district court erred in not dismissing the appeal based on Zito's lack of standing for failure to file evidence of a transfer of Highland's claim to Zito pursuant to Fed. R. Bankr.P. 3001(e)(2).

We do not address these issues because Zito lacks standing for another reason: it has no legally protected interest because it never received a valid transfer of claim from Highland. See Port Wash. Teachers' Ass'n v. Bd. of Educ., 478 F.3d 494, 498 (2d Cir.2007) (stating that the "irreducible constitutional minimum of standing" requires "an invasion of a legally protected interest" (internal quotation marks omitted)); see also Friends of Gateway v. Slater, 257 F.3d 74, 77–78 (2d Cir.2001) ("[T]his Court must address any jurisdictional standing question first, before deciding a case on the merits."). During oral argument, the Court communicated to counsel its concern that the record indicated that the transfer of Highland's claim to Zito was invalid because the transfer had occurred after Highland's forfeiture to the Government. Supplemental briefing was ordered from Zito and requested from the Government (which is not a party to this appeal).

In response to the Court's order, Zito submitted documents that it claimed established that: (1) the Government had consented to the transfer of Highland's claim to Zito, and (2) the transfer occurred prior to Highland's forfeiture. But the Government denied Zito's assertions and informed the Court that the assignment of Highland's claim to Zito had not validly occurred pre-forfeiture.

The pertinent documents submitted by the Government demonstrate that members of the Rigas family transferred Highland's assets to Zito even though these Rigas family members had previously agreed with Adelphia Communications Corp. to maintain Highland in its current condition and had also pledged Highland to the Government on April 24, 2005. In addition, pursuant to a consent order of forfeiture entered by the district court on June 7, 2005, and a subsequent prelimi-

nary order of forfeiture entered on July 13, 2005, members of the Rigas family forfeited Highland to the Government "as property derived from and traceable to" offenses for which certain Rigases had been convicted. Although the orders of forfeiture were entered after Highland's transfer to Zito, "[u]nder the relation-back doctrine, the forfeiture occurs when the crime is committed and therefore, [the defendant] had no property interest in the [forfeited asset] as of that moment." *United States v. U.S. Currency*, 895 F.2d 908, 916 (2d Cir.1990). The criminal conduct of certain members of the Rigas family began well before the claim transfer in 2005.[3] *See, e.g., United States v. Rigas*, 490 F.3d 208, 215–16 (2d Cir.2007) (describing criminal conduct dating back to 2000 for which members of Rigas family were convicted). Accordingly, Rigas family members could not have transferred an interest in Highland to Zito in 2005 because they had been divested of their interest before that date.

On the record before this Court, the question of Zito's standing can be resolved as a matter of law, thereby providing an alternative ground for affirming the district court's judgment. *See Petrosino v. Bell Atlantic*, 385 F.3d 210, 224 (2d Cir. 2004).[4] Because no legally protected interest belonged to Zito's assignor, Highland,

no legally protected interest belongs to Zito. It therefore lacks standing in this appeal.

The judgment of the district court is therefore AFFIRMED.

---

**3.** It is doubtful that Zito, as an assignee that received assets to which the relation-back doctrine applies, could avail itself of a good-faith defense. *See United States v. Stowell*, 133 U.S. 1, 16–17, 10 S.Ct. 244, 33 L.Ed. 555 (1890) ("By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act … and avoids all intermediate sales and alienations, even to purchasers in good faith."). But even assuming to the contrary, such a defense would not have been available to Zito because it, too, was a Rigas entity, and one of the same members of the Rigas family who had

agreed to forfeit Highland to the Government stood on both sides of the assignment from Highland to Zito.

**4.** Although Zito's lack of standing based on Highland's forfeiture to the Government was not specifically raised in this appeal, the issue of Zito's lack of standing due to Highland's forfeiture to the Government had been discussed in a hearing before the bankruptcy court, and Zito's lack of standing (albeit on other grounds) was raised to the district court. Moreover, the pertinent document demonstrating Highland's forfeiture prior to the claim transfer had been submitted to the district court and were publicly filed.